## Case No. 2,587.

### CHAMPNEY v. BANCROFT.

[1 Story, 423.][1]

Circuit Court, D. Massachusetts. May Term, 1841.

FEES OF CUSTOMS OFFICERS—PAYMENT BY COLLECTOR—ACT OF MARCH 2, 1799.

1. The act of 2d of March, 1799 [1 Stat. 627], c. 129 (amended by the act of 1816 [3 Stat. 306]. c. 95). authorizes the collector to pay the fees due to the officers of the customs, out of the revenue of the United States. *Held*, that this act creates no lien or specific claim on moneys in his hands, arising from the revenue.

2. That an ex-collector, who is not in office, cannot lawfully appropriate the moneys of the United States, in his hands, to such a payment; for the act is an official act, and the authority can be exercised only by the collector actually in office.

At law. Assumpsit for money had and received. The case came before the court upon a statement of facts agreed upon by the parties. It was as follows: The plaintiff [John Champney] was a weigher and gauger in the custom house at Boston, before and from January 1st, 1838, to March 31st, 1841. The defendant [George Bancroft] was collector during that period. From January 1st, 1838, to July 7th, 1838, the plaintiff was paid $125 a month, besides his official expenses, as his fees, and the defendant refused to pay him any more. If his compensation during that period was to be measured by the acts of 1799, c. 129, § 2, and 1816, c. 95, he would have been entitled to receive $724.96 6-7 in addition, and this sum he demands. From July 7th, 1838, to the close of the year, the plaintiff was paid for his fees, $125 a month, besides his official expenses. The plaintiff claims $750 in addition, to make up the sum of $1,500, for that period. More than that sum would have accrued under the acts of 1799 and 1816. In the year 1839, no act was passed, limiting the fees of weighers and gaugers, and the plaintiff was paid according to the two acts of 1799 and 1816, which exceeded $1,500, after deducting official expenses. From the 1st of January, 1840, to the 21st of July, in that year, the plaintiff re-

ceived his fees, according to the acts of 1799 and 1816, which exceeded the rate of $1,500 per annum, after deducting official expenses. From the 21st of July, 1840, to the close of the year, the plaintiff was paid $125 monthly, besides official expenses. He claims a further payment of $513.45 3-7, for that period. The plaintiff rendered quarterly accounts, charging the fees at the rate at which they were paid to him, and yearly abstracts, which were sent to the comptroller, and the defendant regularly rendered his accounts for the years 1838, 1839, and 1840, to the comptroller, containing the same payments, which were regularly audited and passed. The plaintiff gave monthly receipts for said payments "on account" or "towards" his compensation, and made no protest of his demand for further compensation. But it is agreed, that the defendant had refused to allow anything more than was paid. The defendant resigned his office, and the resignation took effect March 31st, 1841. On the 31st of March, 1841, the plaintiff made an abstract of his services, for the period between January 1st, 1838, and June 7th, 1838, and demanded the balance of $724.96 6-7, upon which the defendant certified in writing as follows:—"Collector's Office, District of Boston and Charlestown. I hereby certify, that the foregoing abstract is a true copy from the records of this office. On a strict construction of the law, the collector would seem to have been authorized to pay the whole amount. I prefer, however, to leave it for the decision of the comptroller. The law of limitation did not pass till after the above balance had accrued. Signed, George Bancroft, Collector." Upon the foregoing facts, the case is submitted for the opinion of the court; and judgment is to be entered accordingly.

Mr. Rantoul, for plaintiff.

Mr. Dexter, Dist. Atty., for defendant.

Mr. Rantoul cited U. S. v. Duvall [Case No. 15,015]; U. S. v. Dickson, 15 Pet. [40 U. S.] 161; and Act April 26, 1816, c. 95.

STORY, Circuit Justice. The act of March 2, 1799 [1 Stat. 627], c. 22, amended by the act of 1816, c. 95, authorizes the fees, due to the officers of the customs, "to be paid by the collector out of the revenue, and to be charged to the United States." But upon the statement of facts, I am very clear, that the present action for money had and received is not maintainable for several reasons. In the first place, the defendant (Bancroft) is not now in office; and even if he had moneys of the United States in his hands, he could not now lawfully appropriate them to the payment of the fees, if any are due to the plaintiff, since it is an official act, and can be properly done only by the collector, who is actually in office. In the next place, the moneys of the United States in the hands of the collector, arising from the revenue, are not specifically appropriated by law to the payment of these partic-

[1] [Reported by William W. Story, Esq.]

ular fees, so as to create a lien or claim thereon in favor of any officer; but a mere authority is given to the collector to pay them out of the moneys of the United States, arising from the revenue, in his hands. If he does not pay the fees, the claim remains valid against the government, and the new collector is now at liberty to pay them, if they are properly chargeable. I give no opinion whatsoever upon the question, whether the claim of the plaintiff for fees is valid or not. That is not a point necessary for the present decision. Plaintiff nonsuited.